**Jeffrey A. Rothman**
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

October 5, 2017

**By ECF To:**
Honorable Paul G. Gardephe, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Fernandez, et al. v. City of New York, et al.</u>, 17 Civ. 789 (PGG) (BCM)

Your Honor:

    I am counsel for Plaintiffs in the above-referenced action.  Opposing counsel earlier this evening submitted the parties' joint letter in advance of the Initial Conference scheduled in this action for Thursday, October 12, 2017 at 11:00 a.m.  She appears to have forgotten to also submit the proposed Case Management Plan and Scheduling Order that I had emailed to her earlier today for her review, and to file along with the joint letter were the dates I proposed acceptable to her (she has not responded to me in that regard).  Plaintiff's proposed Case Management Plan and Scheduling Order is e-filed herewith.

    I also wish to note the manifest impropriety of what opposing counsel said in Section 3.B. of the parties' joint letter.  The parties have just completed the Court-mandated, <u>confidential</u> Local Rule 83.10 mediation proceedings.  Opposing counsel's characterizations concerning the Plaintiffs' demands as "excessive and a non-starter," and stating that "Defendants made an offer to Plaintiffs" but that "Plaintiffs have not communicated a counter-demand" and that Defendants are willing to engage in negotiations "should the Plaintiffs be willing to make a reasonable counter-demand" are - in addition to being completely uncalled for by the Court's inquiry concerning the prospect for settlement (as well as an entirely tendentious mischaracterization of what has transpired during the course of the mediation) - a plain violation of the mediation program's confidentiality requirements, which should be sanctioned under the Court's inherent power.  *See*, e.g., <u>Lake Utopia Paper, Ltd. v Connelly Containers, Inc.</u>, 608 F2d 928, 929 (2d Cir 1979) (noting that "[t]he inclusion of such information [the details of what transpired in a confidential Civil Appeals Management Plan conference] in a brief is highly improper and will not be condoned," and describing the deleterious effects to the Court of disclosing such confidential information); *see also*, <u>Bernard v Galen Group</u>, 901 F Supp 778, 783-784 (S.D.N.Y. 1995) (Chin, J.) (holding that counsel had violated "the confidentiality provisions applicable to cases referred to the Mediation Program" and sanctioning counsel $2,500); <u>Chambers v NASCO,</u>

Inc., 501 U.S. 32, 35 (1991) (exploring the scope of the inherent power of a federal court to sanction a litigant for bad-faith conduct).

All parties and the Mediator signed the mediation program's standard Mediation Confidentiality Agreement, which, states, in relevant part, as follows:

> 1. Any communications made during the mediation process shall be confidential ....
> 2. The parties may not disclose discussions with the mediator unless all parties agree, because it is required by law, or because otherwise confidential communications are relevant to a complaint against a mediator or the Mediation Program arising out of the mediation.
> 3. The mediation process shall be treated as a compromise negotiation for purposes of Rule 408 of the Federal Rules of Evidence and state rules of evidence.

I will not otherwise respond to opposing counsel's entirely tendentious mischaracterization of what has transpired during the course of the parties' confidential settlement negotiations pursuant to Local Rule 83.10. If the program is to stand any chance of success going forward, however, then those who participate in it must be able to do so knowing that its confidentiality provisions will be enforced.

I thank the Court for its consideration in this matter.

Respectfully submitted,

_____/S/_____
Jeffrey Rothman
*Attorney for Plaintiff*
315 Broadway, Suite 200
New York , New York 10007
Telephone: (212) 227-2980